UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CANDICE NELSON, on behalf of herself and
all others similarly situated,

    Plaintiff,

v.                                                                                    Case No: 8:18-cv-2678-T-30CPT

HEALTHRIGHT, LLC,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the parties' "Joint Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice, and Scheduling of Final Approval Hearing, and Incorporated Memorandum of Law" (Dkt. 52). The Court, upon review of the motion, supporting documents, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part. Specifically, the Court preliminarily approves the Settlement but, given the recent decision from the Eleventh Circuit Court of Appeals, *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020), no service award will be approved for the class representative.

## BACKGROUND

Defendant HealthRight, LLC is an on-demand healthcare service provider that connects patients with licensed medical providers and therapeutic solutions across the

United States. In September 2018, HealthRight and its Chief Executive Officer pled guilty to felony charges related to their roles in a healthcare fraud scheme.

Plaintiff Candie Nelson worked for HealthRight as a full-time Licensed Practical Nurse ("LPN") at a HealthRight facility located in Largo, Florida, from approximately January 25, 2016, until her abrupt termination without cause or warning on September 20, 2018. Within the thirty-day period following her termination, HealthRight suddenly terminated at least 116 additional similarly situated employees at the Largo facility without cause or warning.

Plaintiff filed a class action complaint against HealthRight for violations of the WARN Act, alleging that the termination on September 20, 2018, constituted an employment loss as defined under the WARN Act, and that HealthRight failed to provide the affected employees with at least sixty days' notice of the mass layoff or plant closing.

On July 18, 2019, the Court granted Plaintiff's Rule 23 Motion for Class Certification and certified the following class:

> Any former employee of Defendant HEALTHRIGHT, LLC, who was terminated and/or laid off without cause from their employment at HEALTHRIGHT, LLC, on or about September 20, 2018, or within a reasonable period of time prior to or after September 20, 2018, as part of a mass layoff (or plant closing) as defined in 20 C.F.R. § 639.3 and 29 U.S.C. § 2101 under the Worker Adjustment and Retraining Notification [WARN] Act of 1988 and who was not given a minimum of sixty days' advance written notice of termination. The class does not include part-time employees as defined under 29 U.S.C. § 2101(a)(8).

(Dkt. 18).

The parties have resolved this action and now request preliminary approval of their class action settlement agreement and proposed notice to the class. As explained further below, an evaluation of the relevant factors reflects that preliminary approval is appropriate.

## DISCUSSION

The issues before the Court are (a) whether to approve the Agreement on a preliminary basis and (b) whether to approve the Notice of Proposed Class Action Settlement for distribution to the members. Federal Rule of Civil Procedure 23(e) provides the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23. "In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable..." *In re: Corrugated Container Antitrust Litigation*, 643 F.2d 195, 206 (5th Cir. 1981); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977); *see also* Fed. R. Civ. P. 23(e)(2).

A strong presumption exists in favor of a settlement's fairness. *Parker v. Anderson*, 667 F.3d 1201, 1209 (5th Cir. 1982); *Cotton*, 559 F.2d at 1331. Settlements are "highly favored" and "will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977). The public policy favoring settlement agreements is particularly strong in complex class action litigation where voluntary pretrial settlements obviate the need for expensive and time-consuming litigation. *See Bass v. Phoenix Seadrill/78, Ltd.*,

749 F.2d 1154, 1164 (5th Cir. 1985); *Manchaca v. Chater*, 927 F. Supp. 962, 966 (E.D. Tex. 1996). Absent fraud or collusion, trial courts should be hesitant to substitute their own judgment for the judgment of counsel in arriving at a settlement. *Cotton*, 559 F.2d at 1330.

The Eleventh Circuit Court of Appeals uses a six-factor test for assessing the fairness, reasonableness, and adequacy of a class settlement. The factors are: (a) whether the settlement was a product of fraud or collusion; (b) the complexity, expense, and likely duration of the litigation; (c) the stage of the proceedings and the amount of discovery completed; (d) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (e) the possible range of recovery and the certainty of damages; and (f) the respective opinions of the participants, including class counsel, class representatives, and absent class members. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

Based on review of the record, the manner of negotiation, and settlement agreement, the Court finds no evidence indicating that the settlement falls outside the requirements of the Eleventh Circuit's test articulated above, and concludes that the settlement is fair, adequate, and reasonable. There is no evidence of any fraud or collusion with respect to the settlement. The settlement avoids prolonged litigation and provides the Settlement Class with an opportunity for an award in the present rather than an uncertain outcome in the future. The Court concludes each side possessed "ample information with which to evaluate the merits of the competing positions." *Ayers*, 358 F.3d at 369. As such, the

parties' negotiations, and in turn the settlement, were based on realistic, independent assessments of the merits of the claims and defenses in this case.

Under the terms of the settlement agreement, each Class Member who timely submits a claim is anticipated to receive an award of approximately $325.00 before applicable employment taxes and withholdings from a common fund of $75,000. The Court concludes that this amount is within the "reasonable" range and fair and adequate in the context of the litigation, bringing finality, certainty, and relief to the Settlement Class. The Court, however, denies class representative Ms. Nelson's request for a $2,000 service award in light of *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020). This denial is without prejudice to the parties to brief this issue in their motion for final approval. Finally, the Court preliminarily concludes that the attorneys' fees and costs in the amount of one third (33.33%) of the common fund, for which Class Counsel will seek approval, is within the reasonable range.

In sum, based on the parties' good faith basis for the settlement, the Court concludes that the Settlement Agreement should be approved preliminarily. Similarly, the Court concludes that the Notice of Proposed Class Action Settlement meets the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and (e)(1) and comports with due process by clearly notifying class members of their rights, as well as a reasonable timeframe within which to exercise those rights. Thus, the Court approves the proposed notice plan and the language of the Notice.

Finally, the Court sets this case for hearing for final approval of the settlement on **November 1, 2021, at 9:00 AM, at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602, Courtroom 17**. The parties are directed to include this hearing date, time, and location in the Notice to be sent pursuant to the notice plan. The Court also sets the following deadlines:

1. Settlement Administrator mails/e-mails the Class Notice by January 29, 2021;

2. Deadline for Motion for Attorney's Fees and Costs, Class Settlement Administration Costs: March 1, 2021;

3. Deadline for the Settlement Class to submit his/her Request Not to Participate in Settlement: 45 days after the date the Class Notices are mailed;

4. Deadline for the Settlement Class to submit his/her Objections to the Settlement: 45 days after the date the Class Notices are mailed;

5. Deadline to file Motion for Final Approval: 45 days after the deadline for the Settlement Class to opt-out of the Class.

It is therefore **ORDERED and ADJUDGED** that the parties' Joint Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice, and Scheduling of Final Approval Hearing, and Incorporated Memorandum of Law (Dkt. 52) is granted in part and denied in part.

**DONE** and **ORDERED** in Tampa, Florida, this January 6, 2021.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record